1
2
3
4
5
6
7
8                      **UNITED STATES DISTRICT COURT**

9                      **CENTRAL DISTRICT OF CALIFORNIA**

10

11   GEORGE TAYLOR,                  ) Case No. SACV 16-0316-JVS (JPRx)
                                      )
12                  Plaintiff,        )
                                      ) ORDER REMANDING CASE TO STATE
13           v.                       ) COURT
                                      )
14   PATRICIA CLASS et al.,           )
                                      )
15                  Defendants.       )
     ─────────────────────────────── )
16

17       The Court <u>sua sponte</u> REMANDS this action to the California

18   Superior Court for the County of Orange for lack of subject

19   matter jurisdiction, as set forth below.

20       "The right of removal is entirely a creature of statute and

21   'a suit commenced in a state court must remain there until cause

22   is shown for its transfer under some act of Congress.'"  <u>Syngenta</u>

23   <u>Crop Protection, Inc. v. Henson</u>, 537 U.S. 28, 32 (2002) (quoting

24   <u>Great Northern Ry. Co. v. Alexander</u>, 246 U.S. 276, 280 (1918)).

25   Where Congress has acted to create a right of removal, those

26   statutes are strictly construed against removal jurisdiction.

27   <u>Id.</u>; <u>Nevada v. Bank of Am. Corp.</u>, 672 F.3d 661, 667 (9th Cir.

28   2012); <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992)

                                      1

1   (per curiam).

2       Unless otherwise expressly provided by Congress, a defendant

3   may remove "any civil action brought in a State court of which

4   the district courts of the United States have original

5   jurisdiction."  28 U.S.C. § 1441(a); Dennis v. Hart, 724 F.3d

6   1249, 1252 (9th Cir. 2013).  The removing defendant bears the

7   burden of establishing federal jurisdiction.  Abrego Abrego v.

8   Dow Chem. Co., 443 F.3d 676, 682 (9th Cir. 2006) (per curiam);

9   Gaus, 980 F.2d at 566-67.  "Under the plain terms of § 1441(a),

10  in order properly to remove [an] action pursuant to that

11  provision, [the removing defendant] must demonstrate that

12  original subject-matter jurisdiction lies in the federal courts."

13  Syngenta, 537 U.S. at 33.  Failure to do so requires that the

14  case be remanded, as "[s]ubject matter jurisdiction may not be

15  waived, and . . . the district court must remand if it lacks

16  jurisdiction."  Kelton Arms Condo. Owners Ass'n v. Homestead Ins.

17  Co., 346 F.3d 1190, 1192 (9th Cir. 2003).  "If at any time before

18  final judgment it appears that the district court lacks subject

19  matter jurisdiction, the case shall be remanded."  28 U.S.C.

20  § 1447(c).  It is "elementary that the subject matter

21  jurisdiction of the district court is not a waivable matter and

22  may be raised at anytime by one of the parties, by motion or in

23  the responsive pleadings, or sua sponte by the trial or reviewing

24  court."  Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n.2

25  (9th Cir. 1988).

26      **A.   Federal Question Jurisdiction**

27      The underlying action is an unlawful-detainer proceeding,

28  arising under and governed by the laws of the State of

2

California.   The state-court Complaint does not include any claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.   Federal defenses or counterclaims do not provide a basis to remove an action that does not otherwise demonstrate federal jurisdiction.   "[T]he existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." ARCO Envtl. Remediation, L.L.C. v. Dep't Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000).   An "affirmative defense based on federal law" does not "render[] an action brought in state court removable." Berg v. Leason, 32 F.3d 422, 426 (9th Cir. 1994) (as amended).   A "case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 14 (1983).   There is no basis for federal question jurisdiction.

### B.   Diversity Jurisdiction

Defendant properly disclaims diversity jurisdiction because there is also no basis for diversity jurisdiction.   Every defendant is not alleged to be diverse from every plaintiff.   28 U.S.C. § 1332(a).   The Complaint does not allege damages in excess of $75,000, and Defendant has not shown, by a preponderance of the evidence, that the amount-in-controversy requirement has been met.   Id.; Abrego Abrego, 443 F.3d at 683. It is also apparent from the state-court records that the underlying unlawful-detainer action is a limited civil action

3

that does not seek more than $25,000.  Additionally, the action
is not removable on diversity grounds because Defendant appears
to be a citizen of California, where the action was filed.  See
28 U.S.C. § 1441(b)(2) (stating that removal is not allowed if
"any of the parties in interest properly joined and served as
defendants is a citizen of the State in which such action is
brought").

**C.   28 U.S.C. § 1443**

Section 1443(1) permits a defendant in a state case to
remove the proceedings to federal district court when a defendant
is denied or cannot enforce in the courts of such State a right
under any law providing for the equal civil rights of citizens in
the United States.  In order to successfully remove, the
defendant must satisfy a two-pronged test: 1) the right allegedly
denied must arise under a federal law providing for specific
civil rights stated in terms of racial equality and 2) the
defendant must be denied or unable to enforce the right in state
courts.  Johnson v. Mississippi, 421 U.S. 213, 219 (1975); City
of Greenwood v. Peacock, 384 U.S. 808, 827-28 (1966).  Under the
first prong, constitutional or statutory provisions of general
applicability or under statutes not protecting against racial
discrimination will not suffice.  Johnson, 421 U.S. at 219.
Under the second prong, safeguarding of a defendant's federal
rights is left to the state courts except in rare situations when
it can be "clearly predicted" that those rights will inevitably
be denied by the very act of bringing the defendant to trial in
state court.  Peacock, 384 U.S. at 828.

Although a violation of 42 U.S.C. §§ 1981 or 1982 may

4

satisfy the first prong of this test, Defendant cannot satisfy the second.  Defendant alleges that he is being deprived of his rights to due process and equal protection by application of California statutory provisions authorizing evictions in unlawful-detainer proceedings.  Notice Removal at 9-11.  He also asserts that he will be unable to raise his federal claims in state court.  Id. at 11.  These bare assertions are insufficient to invoke the Court's jurisdiction.  Defendant "must assert that the state courts will not enforce [a specified federal] right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights."  California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970) (per curiam). Defendant has failed to identify any specific state statute or constitutional provision that commands the state courts to ignore his federal rights.  See HSBC Bank USA v. Kubik, No. 2:13-CV-1692 SVW-SH, 2013 WL 1694670, at *3 (C.D. Cal. Apr. 16, 2013) ("Defendant Kubik does not, and cannot, identify any California state law or constitutional provision that commands state courts to ignore an amendment to the U.S. Constitution.").  Moreover, the allegations he does make are entirely conclusory in nature. Section 1443(1) does not provide jurisdiction for allegations of discrimination that are conclusory and lack a factual basis.  See Bogart v. California, 355 F.2d 377, 380-81 (9th Cir. 1966). Consequently, removal is not proper under § 1443(1).

5

**D.    Conclusion**

This Court does not have subject matter jurisdiction over this case.   IT IS THEREFORE ORDERED that this matter be REMANDED to the Superior Court of the State of California for the County of Orange.

DATED: March 1, 2016

_____
JAMES V. SELNA
U.S. DISTRICT JUDGE

6